IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHELE ANNE MELTON | : | CIVIL ACTION |
| | : | |
| | : | |
| KILOLO KIJAKAZI, | : | |
| Acting Commissioner of the Social | : | |
| Security Administration, | : | NO.  20-5307 |

**MEMORANDUM**

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                                                       April 25, 2022

Michele Anne Melton ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner of the Social Security Administration ("the Commissioner"), denying her claim for disability insurance benefits ("DIB") under Title II of the Social Security Act.  Plaintiff has filed a brief in support of her request for review, the Commissioner has responded to it and Plaintiff has filed a reply brief.  For the reasons set forth below, this case is remanded to the Commissioner.

## I.     PROCEDURAL HISTORY[1]

On July 18, 2018, Plaintiff applied for DIB, alleging disability, because of physical and mental health impairments, that commenced on June 28, 2018.  R. 31.  The claim was denied, initially; therefore, Plaintiff requested a hearing.  *Id.*  On October 30, 2019, Plaintiff appeared before Noell F. Allen, Administrative Law Judge ("the ALJ"), for a video hearing; Plaintiff was in Philadelphia, Pennsylvania and the ALJ was in Indianapolis, Indiana.  *Id.*  Plaintiff, represented by an attorney, and William Houston Reed, Ph.D., a vocational expert, ("the VE") testified at the hearing.  *Id.*  On November 29, 2019, the ALJ, using the sequential evaluation process for

---

[1] The court has reviewed and considered the following documents in analyzing this case:  Plaintiff's Brief and Statement of Issues on Review ("Pl. Br."), Defendant's Response to Request for Review of Plaintiff ("Resp."), Plaintiff's Reply Brief ("Reply") , and the administrative record.  ("R.").

disability,[2] issued an unfavorable decision. R. 31-46. The Social Security Administration's Appeals Council denied Plaintiff's request for review, on August 31, 2020, making the ALJ's findings the final determination of the Commissioner. R. 1-7. Plaintiff seeks judicial review and the parties have consented to this court's jurisdiction, pursuant to 28 U.S.C. § 636(c)(1).

## II.     FACTUAL BACKGROUND

A.     <u>Personal History</u>

Plaintiff, born on April 7, 1994, R. 57, was 26 years old on the date of the ALJ's decision. She completed twelve years of schooling and one semester of university, before withdrawing from school. R. 57-58. Plaintiff last worked on June 27, 2018. R. 60. She lives with her parents and has three dogs. R. 66.

B.     <u>Plaintiff's Testimony</u>

Plaintiff testified about her physical and mental limitations, at the October 30, 2019 administrative hearing. She related post traumatic stress disorder ("PTSD"), as a result of being

---

[2] The Social Security Regulations provide the following five-step sequential evaluation for determining whether an adult claimant is disabled:

> 1. If the claimant is working, doing substantial gainful activity, a finding of not disabled is directed. Otherwise proceed to Step 2. *See* 20 C.F.R. § 404.1520(b).
>
> 2. If the claimant is found not to have a severe impairment which significantly limits his physical or mental ability to do basic work activity, a finding of not disabled is directed. Otherwise proceed to Step 3. *See* 20 C.F.R. § 404.1520(c).
>
> 3. If the claimant's impairment meets or equals criteria for a listed impairment or impairments in Appendix 1 of Subpart P of Part 404 of 20 C.F.R., a finding of disabled is directed. Otherwise proceed to Step 4. *See* 20 C.F.R. § 404.1520(d).
>
> 4. If the claimant retains the residual functional capacity to perform past relevant work, a finding of not disabled is directed. Otherwise proceed to Step 5. *See* 20 C.F.R. § 404.1520(f).
>
> 5. The Commissioner will determine whether, given the claimant's residual functional capacity, age, education and past work experience in conjunction with criteria listed in Appendix 2, she is or is not disabled. *See* 20 C.F.R. § 404.1520(g).

raped by two former friends. R. 62. Several years after the rapes, she started getting flashbacks and felt unsafe in her workplace, where the former friends often visited her. R. 62. Plaintiff testified that she had difficulty interacting with her supervisors and coworkers, especially older men, unaccustomed to working with a young woman. R. 62, 76-77. In order to cope with the stress she felt while working, Plaintiff typically took four unscheduled breaks, lasting approximately two minutes each. R. 74-75. The mental health problems exacerbated by her work, combined with the strain on her body from the heavy lifting at work, caused her to resign. R. 62-63.

Plaintiff has a diagnosed attention deficit problem ("AD"), R. 64, and autism. R. 69. Also, she suffers from anxiety, and is particularly uncomfortable when she is in a crowd and cannot see everyone who can see her. R. 72. Another reason she does not like being in crowds is that she can hear the conversations around her indistinctly, which she finds suffocating. R. 72-73.

Plaintiff sees a therapist once a week, she feels that helps her cope with the everyday stress in her life. R. 63. She also sees a psychiatrist once every two months. R. 63. Plaintiff takes three prescribed medications as part of her mental health treatment. R. 64. She takes a separate medication, as needed, to address her AD problem. R. 64. Initially, Plaintiff suffered adverse side-effects from her myriad mental-health medications; over time, her doctors adjusted dosage levels such that, at the time of the hearing, she experienced no adverse side-effects. R. 65. Recently, Plaintiff was prescribed medical marijuana. R. 65-66.

Plaintiff's chronic pain throughout her body varies with the weather. R. 78-79. She was unable to estimate what distance she could walk before pain would cause her to stop. R. 79. She testified that she could sit for approximately 15 to 20 minutes before needing to change position. R. 79-80. Plaintiff estimated she could stand for approximately 30 minutes at a time. R. 80. Her

medication to reduce the inflammation in her body does not alleviate her daily pain. R. 80.

Plaintiff's only household chores are emptying the dishwasher and keeping her painting area clean. R. 67. She paints approximately once a week, as a way to cope with her problems. R. 67. Plaintiff spends time each day playing with her dogs, the youngest of which is being trained to be a service dog for her. R. 66-68. She watches television and reads online. R. 70. Plaintiff advocates for the autistic community, on social media. When she is able, approximately once a week, Plaintiff spends time with her friend, Toleen. R. 68, 83. Mostly, Toleen visits Plaintiff and they stay in Plaintiff's home; however, on rare occasions, they go to a department store or concert. R. 68, 83. When she attends a concert or music festival, Plaintiff tries to find a place that is relatively quiet; she usually cannot stay for the duration of a festival. R. 71-72.

C.  Vocational Testimony

The VE testified that Plaintiff's past laborer job was a medium,[3] unskilled[4] position. R. 85-86. The ALJ asked the VE to consider a person of Plaintiff's age, education, work experience who could perform light[5] work, with the following limitations: occasionally able to climb ramps and stairs; never able to climb ladders, ropes or scaffolds; frequently able to balance, stoop, kneel, crouch and crawl; never able to work at unprotected heights; frequently able to operate a motor vehicle; occasionally able to work in weather or humidity; never able to work in extreme heat or cold; able to work in moderate noise; able to perform simple, routine, repetitive tasks with no production rate requirement; frequently able to interact with supervisors; and occasionally able to interact with coworkers and the public. R. 86. The VE responded that, although this person could

---

[3] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567(c).
[4] "Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time. The job may or may not require considerable strength . . . [a] person does not gain work skills by doing unskilled jobs." 20 C.F.R. § 404.1568(a).
[5] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b).

4

not perform Plaintiff's past work, she could perform the following light, unskilled jobs: (1) marker (26,000 available positions); (2) housekeeping cleaner (6,000 available positions); and photocopying machine operator (12,000 available positions). R. 86-87. Next, if the individual could frequently handle, finger and feel bilaterally, that would not affect the number of jobs she could perform. R. 87. Further, if the individual could only stand for 30 minutes at a time and then needed to sit for 20 minutes at a time throughout the day, she could only perform the photocopying machine operator position. R. 87-88. In addition, if the person would miss work twice a month or be off-task 20% of the workday, she could not sustain employment. R. 88.

Plaintiff's attorney asked the VE to consider the impact of Plaintiff's testimony that she needed three to four unscheduled breaks each day. R. 90. The VE responded that this limitation would preclude any work. R. 90. The ALJ then asked the VE if the Plaintiff would be unemployable, if her testimony was that her unscheduled breaks would be brief, approximately two minutes each. R. 90. The VE responded that employers would tolerate three or four unscheduled breaks of such short duration. R. 90.

### III.     THE ALJ's FINDINGS

In his decision, the ALJ issued the following findings:

1. [Plaintiff] meets the insured status requirements of the Social Security Act through December 31, 2023.

2. [Plaintiff] has not engaged in substantial gainful activity since June 28, 2018, the alleged onset date (20 CFR 404.1571 *et seq.*).

3. [Plaintiff] has the following severe impairments: bipolar disorder; eating disorder; social anxiety disorder; anxiety; post-traumatic stress disorder ("PTSD"); autism spectrum disorder; psoriatic arthritis; fibromyalgia; and obesity (20 CFR 404.1520(c)).

4. [Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of

|   |   |
|---|---|
|   | one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526). |
| 5. | After careful consideration of the entire record, the undersigned finds that [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) with the following limitations.  [Plaintiff]] can frequently handle, finger, and feel bilaterally.  She can climb ramps and stairs occasionally, but she can never climb ladders, ropes, and scaffolds.  She can frequently balance, stoop, kneel, crouch, and crawl.  [Plaintiff] can never work at unprotected heights.  She can operate a motor vehicle frequently.  She can occasionally work in weather and humidity, but she can never work in extreme temperatures of heat or cold.  She can work in moderate noise.  [Plaintiff] is able to perform, simple, routine, repetitive tasks, but not a production rate pace.  She is able to frequently interact with supervisors.  She can have occasional interaction with co-workers and the public. |
| 6. | [Plaintiff] is unable to perform any past relevant work (20 CFR 404.1565). |
| 7. | [Plaintiff] was born on April 7, 1994 and was 24 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563). |
| 8. | [Plaintiff] has at least a high school education and is able to communicate in English (20 CFR 404.1564). |
| 9. | Transferability of job skills is not an issue in this case because [Plaintiff's] past relevant work is unskilled (20 CFR 404.1568). |
| 10. | Considering [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform (20 CFR 404.1569 and 404.1569(a)). |
| 11. | [Plaintiff] has not been under a disability, as defined in the Social Security Act, at any time from June 28, 2018 through the date of this decision (20 CFR 404.1520(g)). |

R. 33-34, 44-46.

## IV. DISCUSSION

A.  Standard of Review

Judicial review of the Commissioner's final decision is as follows.  The Commissioner's findings of fact will not be disturbed, if they are supported by substantial evidence.  *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999).  Substantial evidence is not "a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation omitted).  While it is more than a mere scintilla of evidence, *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019), it may amount to less than an evidentiary preponderance.  *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001); *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988).  Overall, this test is deferential to the ALJ and the court should affirm the ALJ's findings of fact that are supported by substantial evidence, even when the court, acting *de novo,* might have reached a different conclusion.  *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986), *cert. denied*, 482 U.S. 905 (1987).  Indeed, the court is not permitted to weigh the record evidence itself.  *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005).  By contrast, the Commissioner's legal conclusions are subject to *de novo* review.  *Poulos*, 474 F.3d at 91; *Schaudeck*, 181 F.3d at 431.

B.  Burden of Proof in Disability Proceedings

To be found "disabled" under the Act, Plaintiff must carry the initial burden of demonstrating that she is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 423(d)(1)(A); 20 C.F.R.

§ 404.1505(a). Plaintiff may establish a disability through: (1) medical evidence meeting one or more of the serious impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1; or (2) proof that the impairment is severe enough that Plaintiff cannot engage in any type of "substantial gainful work which exists in the national economy." *Heckler v. Campbell*, 461 U.S. 458, 460 (1983); 42 U.S.C. § 423(d)(2)(A).

Under the first method, Plaintiff is considered *per se* disabled by meeting one of the "listed" impairments. *Heckler*, 461 U.S. at 460. Under the second method, Plaintiff must initially demonstrate that a medically determinable impairment prevents her from returning to her past employment. *See Brown*, 845 F.2d at 1214. If Plaintiff proves that her impairment results in functional limitations to performing her past relevant work, then the burden of proof shifts to the Commissioner to prove that work does in fact exist in the national economy which Plaintiff can perform given her age, education, work experience and residual functional capacity. *See Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 201 (3d Cir. 2019); *Poulos,* 474 F.3d at 92.

C.    Review of the Administrative Law Judge's Decision

Applying the sequential evaluation process, the ALJ determined that, although Plaintiff could not perform her past relevant work, she could perform other light jobs that exist in the national economy and, hence, was not disabled. R. 31-46. Plaintiff disputes the ALJ's decision and argues that the ALJ reversibly erred by failing to : (1) credit the opinions of consultative examiner Brook Crichlow, Ph.D; (2) weigh properly Plaintiff's subjective complaints; (3) find her borderline personality disorder was a severe impairment and failing to account for it in the residual functional capacity ("RFC") assessment. Pl. Br. at 4-27. Plaintiff also argues that former Commissioner Andrew Saul was appointed in violation of separation of powers principles and this constitutional defect requires a remand. Pl. Br. at 27-30. The Commissioner denies Plaintiff's

assertions. Resp. at 5-30. This court finds that Plaintiff's first two arguments have merit; hence, it is unnecessary to consider her separation of powers argument.[6]

### 1. The ALJ Improperly Rejected Dr. Crichlow's Opinions

Plaintiff argues that the ALJ erred by rejecting Dr. Crichlow's opinions that Plaintiff had marked limitation in her ability to interact with others in the workplace. Pl. Br. at 4-18. The Commissioner rejects this assertion. Resp. at 19-23. This court finds that the ALJ committed reversible error.

If Dr. Crichlow's opinion was accepted, Plaintiff's RFC would have to be re-valuated, because the hypothetical question posed to the VE included the ability to tolerate frequent interaction with supervisors and occasional interaction with coworkers. Since the ALJ did not pose any hypothetical question which included Dr. Crichlow's limitation, none of the VE's answers constitute substantial evidence to find Plaintiff was able to work, if Dr. Crichlow's limitations were accepted. *See Rutherford*, 399 F.3d at 553-54. Hence, the ALJ's consideration of Dr. Crichlow's opinion that Plaintiff had marked limitation with her ability to interact with others in the workplace cannot be a harmless error. *Cf. Rutherford*, 399 F.3d at 553, 556 (finding that an error is harmless if it does not affect the outcome of the case in any way).

It is a well-established principle of administrative law, that a reviewing court must only consider the explanations an ALJ actually provides in her decision. *Fargnoli*, 247 F.3d at 44 n.7 (citing *SEC v. Chenery Corp.*, 318 U.S. 80 (1943)). Hence, this court must focus solely on the explanation the ALJ provided and may not consider any additional arguments the Commissioner provides in her brief.

The ALJ rejected Dr. Crichlow's opinion that Plaintiff had marked limitation interacting

---

[6] Plaintiff allows that, if she prevails on one of her non-constitutional arguments, the court need not address her separation of powers claim. Reply at 1-2.

with others, because she found this limitation inconsistent with Plaintiff's activities of daily living and the medical evidence of record. R. 44 (citing Exhibits 7E, 11F/3, 12F/4 and Hearing Testimony). In her brief, Plaintiff extensively and convincingly debunks the ALJ's rationale. *See* Pl. Br. at 5-16. That is, she painstakingly goes through the evidence the ALJ cites and explains why none of it, solely or together, is inconsistent with Dr. Crichlow's salient opinion.

First, Exhibit 7E, Plaintiff's function report, indicates that Plaintiff has difficulty being around other people and only spends time (a couple of hours on the weekend) with one friend. R. 261-62. Second, page 3 of Exhibit 11F, part of the physical consultative examination report, only refers to her interacting with her parents, not any coworkers. R. 1091. Next, page 4 of Exhibit 12F is part of Dr. Crichlow's own report. Therein, Dr. Crichlow repeats that Plaintiff lives with her parents, rarely leaves the house and, other than her parents, only regularly interacts with one friend. R. 1112. Finally, the court has already summarized Plaintiff's hearing testimony and Plaintiff's brief provides even more details. *See* Pl. Br. at 9-15. Nothing in Plaintiff's testimony contradicts Dr. Critchlow's opinion that Plaintiff has a marked limitation interacting with coworkers. In fact, all of the evidence in the records cited indicates that, aside from her parents – with whom she had difficulty interacting prior to her autism diagnosis – the only person Plaintiff can comfortably interact with is her friend Toleen. The ALJ cannot rely upon an explanation unsupported by the record in order to justify her conclusions. Hence, she has committed reversible error; this case must be remanded so that the ALJ can reconsider whether to accept Dr. Critchlow's opinion that Plaintiff has marked limitation in her ability to interact with coworkers.[7] If she does, the ALJ must formulate a new RFC, include that limitation in any appropriate hypothetical

---

[7] The court does not foreclose the possibility that, upon remand, the ALJ may find evidence in the voluminous record that does contradict Dr. Crichlow's opinion. Guided by binding precedent, this opinion simply finds that the evidence the ALJ herself expressed reliance upon does not support her conclusion.

question(s) to the VE, and render a new disability determination.

    2.    <u>The ALJ Committed Reversible Legal Error by Failing to Explicitly Evaluate the Report of Plaintiff's Mother, which Corroborated Plaintiff's Testimony Concerning her Subjective Complaints</u>

Plaintiff complains that the ALJ failed to afford sufficient weight to her subjective complaints and failed to describe the weight he afforded the third party function report provided by her mother. Pl. Br. at 18-22. The Commissioner counters that the ALJ committed no error in this regard. Resp. at 23-27. The court finds that the ALJ erred by failing explicitly to decide what weight she would accord to Plaintiff's mother's report. This error was not harmless, because, under Third Circuit precedent, it directly impacts the credibility of Plaintiff's testimony asserting disabling mental health impairments.

In Social Security disability cases, the claimant's friends and family members sometimes provide evidence (oral or written) that bears upon the claimant's case. *See Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 122 (3d Cir. 2000). When this occurs, the ALJ must explicitly determine the weight she will afford this evidence. *Id.* The reason for this requirement is that the evidence typically is provided to support the claim for benefits. *Id.* Herein, although the ALJ acknowledged that Plaintiff's mother had submitted a function report and acknowledged that it corroborated Plaintiff's testimony about her limitations, R. 38, she failed explicitly to accord any weight to the report of Plaintiff's mother. *Id.* This constitutes legal error. *Burnett*, 220 F.3d at 122.

This error was not harmless, because, as the ALJ acknowledged, the function report submitted by Plaintiff's mother corroborates Plaintiff's testimony. R. 38. Hence, if the ALJ had credited Plaintiff's mother's report, this would have enhanced the overall credibility of Plaintiff's statements about her symptoms. Since the ALJ acknowledged that Plaintiff testified to disabling

11

impairments, R. 42, her credibility was important.[8]  On remand, the ALJ must explicitly determine the weight she will afford to the corroboration provided by Plaintiff's mother and she shall re-evaluate the weight she will afford to Plaintiff's subjective symptoms.

> 3. The ALJ Committed no Error Concerning Plaintiff's Borderline Personality Disorder

Plaintiff contends that the ALJ erred by failing to find that her diagnosed borderline personality disorder ("BPD") was a severe impairment at step two of the sequential evaluation process ("SEP") and, more significantly, failing to account for limitations caused by the condition when evaluating Plaintiff's RFC.  Pl. Br. at 22-27.  The Commissioner counters that the ALJ committed no error.  Resp. at 28-30.  This court finds that the ALJ committed no error.

The Commissioner's regulations require an ALJ to consider all medically determinable impairments, even those that are not severe, throughout the disability determination process, *see* 20 C.F.R. § 404.1523(c), including when evaluating the claimant's RFC.  *See* 20 C.F.R. § 404.1545(a)(2).  Herein, the ALJ found that Plaintiff's BPD was not a severe impairment.  R. 33-34.  However, she stated that Plaintiff's BPD was a medically determinable impairment that she considered when formulating Plaintiff's RFC.  R. 33-34.  That is what she was required to do, hence, there is no basis to find she erred.[9]

An implementing order and order of judgment follow.

---

[8] Remand is required, even though the ALJ provided other acceptable reasons for the credibility she afforded to Plaintiff's subjective complaints.  *Burnett*, 220 F.3d at 122.  In this circuit, corroborating lay evidence must be evaluated.  *Id.*

[9] Since the ALJ considered limitations caused by Plaintiff's BPD when formulating Plaintiff's RFC, there is no need to consider whether she erred by finding it was not severe.  *See Salles v. Comm'r of Soc. Sec.*, 229 Fed. Appx. 140, 145 n.2 (3d Cir. 2007) (non precedential) (citing *Rutherford*, 399 F.3d at 553)).